*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1561-GHK (VBKx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | *Salvador Guillen v. Greenpoint Mortgage Funding. Inc., et. al* | | |

**Presiding: The Honorable**  **GEORGE H. KING, U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**     **(In Chambers) Order to Show Cause**

Defendant Mortgage Electronic Registration System ("MERS") removed this action to this Court. The Notice of Removal states that Plaintiff is a citizen of California, MERS is a Delaware corporation with its principal place of business in Virginia and Defendant Residential Funding Company, LLP ("RFC", and collectively with MERS, "Defendants") "is a Delaware Corporation with its principal place of business in Minnesota." (Notice of Removal at 2).[1] A Securities and Exchange Commission form, attached as Exhibit 2 to the Notice of Removal, lists "Residential Capital, LLC" and then on an attached page for "Additional Registrants" lists "Residential Funding Company, LLC." It is thus unclear whether RFC is a corporation, as the Notice of Removal mentions, an LLP, as listed on the caption, or an LLC, as shown in Exhibit 2.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, we have original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be removed to federal court based on diversity jurisdiction where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.* Assuming RFC is an LLC or LLP, the Notice of Removal does not properly show the citizenship of RFC. "For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members." 15 Martin H. Redish, *Moore's Federal Practice* § 102.57[8] (3d ed. 2007). We require evidence of the citizenship of every member of each limited liability company party.

---

[1]The Notice of Removal also explains that Defendant Greenpoint Mortgage Funding, Inc. is a defunct corporation that is a citizen of New York and that Defendant Recontrust Company, N.A. should be disregarded because it is a nominal party and was fraudulently joined.

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1561-GHK (VBKx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | *Salvador Guillen v. Greenpoint Mortgage Funding. Inc., et. al* | | |

  Often, at least one member of a limited liability company is itself a business entity.  If that is the case, we require information of that business's citizenship under the proper rule for that particular type of entity.  *Id.* at §§ 102.56–.57 (3d ed. 2007).  If any member is incorporated, then we require information on the corporation's citizenship.  A corporation has dual citizenship.  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" refers to "the place where a corporation's officers direct control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  "[I]n practice it should normally be the place where the corporation maintains its headquarters," the center of overall direction, control, and coordination commonly known as the "nerve center."  *Id*.  If a member of an LLP or LLC is itself an LLP or LLC, we require information regarding all of its members.

  If any member of a limited liability company is an individual, we require information as to that person.  Individual citizenship is determined by the state where a natural person is domiciled, and a person may only have one domicile at a time. *Gaudlin v. Remis*, 379 F.3d 631 (9th Cir. 2004).  Domicile is not merely someone's state of residence.  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  Therefore, a person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

  The party seeking to establish jurisdiction bears the burden of proving such.  *Kokkonen*, 511 U.S. at 377.  Here, the Notice of Removal is insufficient to do so because Defendants have not provided the required information noted above.  Therefore, Defendants are **ORDERED TO SHOW CAUSE**, in writing, **within twelve (12) days**, as to why this matter should not be remanded because this Court lacks subject matter jurisdiction.  Defendants shall first clarify the form of RFC and, if it is an LLP or LLC, provide all required information concerning the citizenship for all its members.  Defendants' failure to timely and adequately show cause as required herein shall be deemed Defendants' admission that this Court lacks subject matter jurisdiction.  In that event, this action shall be remanded for lack of subject matter jurisdiction.

  **IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Deputy Clerk | Bea | |